**In Re Anonymous No. 22 D.B. 84**

Disciplinary Board Docket No. 22 D.B. 84.

CURRAN, *Member*, February 1, 1985—

## I. STATEMENT OF CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with his office located at [        ], has been charged in the above entitled petition by petitioner, Office of Disciplinary Counsel, with violation of various Disciplinary Rules of the Code of Professional Responsibility and as follows:

A. D.R. 1-102(A)(4), prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation;

B. D.R. 1-102(A)(5), prohibiting conduct prejudicial to the administration of justice;

C. D.R. 1-102(A)(6), prohibiting conduct adversely reflecting on an attorney's fitness to practice law; and

D. D.R. 2-106(A), prohibiting charging or collecting illegal fees.

## II. HISTORY OF THE PROCEEDINGS

This matter commenced on March 15, 1984 at which time said matter was referred to the Disciplinary Board. On May 14, 1984 a petition for discipline was filed by the Office of Disciplinary Counsel and an affidavit of service with respect thereto was filed on May 15, 1984. When no answer was filed within the prescribed time, the matter was referred to hearing committee [        ] on June 7, 1984.

A formal hearing was held on August 15, 1984 and the hearing committee filed its report on October 16, 1984, therein recommending a private reprimand without probation. On October 29, 1984 the Office of Disciplinary Counsel filed exceptions to said recommendation and brief in support thereof and on November 14, 1984, respondent filed his brief opposing exceptions. On November 16, 1984 the matter was referred to this board.

## III. FINDINGS OF FACT

A. On November 23, 1983, respondent entered a plea of guilty to an amended information charging him with one count of knowingly receiving legal fees which were not approved under the Workmen's Compensation Act in violation of 33 U.S.C. §928(e).

B. Respondent, a former chief counsel to the Division for the Administration of [     ] of the Commonwealth of Pennsylvania, for many years engaged in a legal practice as a specialist in occupational disease and black lung cases.

C. Over a period of time from approximately 1977 through 1983 respondent received unauthorized legal fees.

D. On or about January 23, 1984, respondent paid the $1,000 fine imposed by the United States Magistrate.

E. As of March 15, 1984, respondent had made full restitution in the amount of $4,459.

F. Respondent was placed on probation by a United States Magistrate, a special condition of which was that respondent not involve himself in any new federal black lung cases.

G. Respondent is nearly 66 years of age, having been born on November 3, 1918.

H. Respondent graduated from the [     ] School of the University of [     ] with a B.S. degree in Eco-

nomics and from the Law School of the University of [      ] with an L.L.B., the latter in 1952.

I. Respondent is admitted to practice before the Pennsylvania Supreme Court, the Pennsylvania Superior Court, the United States District Court for the Middle District of Pennsylvania and the Supreme Court of the United States.

J. Respondent had a distinguished career in the military service commencing on April 18, 1941 and ending on December 30, 1945 at the grade of captain.

K. During his military career, respondent flew 311 combat hours in the European Theatre and was awarded the Distinguished Flying Cross and 14 air medals. He continued in reserve duty until his retirement at age 60 at the grade of Lt. Colonel, USAF, Res. Retired.

L. Respondent served four years as a councilman in the City of [      ].

M. Unrebutted evidence presented on behalf of the respondent demonstrated a reputation in respondent's community for honesty, fairness, decency, respectability and a long history of community and church service.

## IV. HEARING COMMITTEE REPORT AND RECOMMENDATION

The hearing committee, in its report dated October 12, 1984, found that respondent violated the following:

1. D.R. 1-102(A)(6) — engaging in conduct adversely reflecting on one's fitness to practice law.

2. D.R. 2-106(A) — charging or collecting illegal fees.

It was the recommendation of the committee that respondent receive a private reprimand without probation. Office of Disciplinary Counsel, in its brief on

exceptions, has requested a more severe sentence of at least public censure, if not a period of suspension.

## V. CONCLUSIONS OF LAW

The board concludes that the respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

1. D.R. 1-102(A)(6) — engaging in conduct adversely reflecting on his fitness to practice law.

2. D.R. 2-106(A) — charging or collecting illegal fees.

## VI. PRIOR RECORD

Respondent has no prior record of disciplinary proceedings.

## VII. DISCUSSION

The hearing committee's report notes that respondent testified in detail concerning the circumstances surrounding the 12 cases in which respondent made restitution and indicated that only three such cases involved unauthorized federal black lung fees. Notwithstanding this fact, however, respondent did plead guilty to the one count identified and admitted to accepting fees which he knew were improper.

Petitioner has cited Iowa State Bar Association Committee on Professional Ethics and Conduct v. Christoffers, 348 N.W. 227 (1984), as standing for the proposition that violations such as this should result in more stringent measures than a private reprimand. While we accept this reasoning we note that in Christoffers (supra), the illegal fees were much higher (i.e. 25 percent of the award collected) than in the instant matter. We also note respondent's prompt cooperation; restitution, advanced

years, and outstanding record of military and community service as factors in mitigation. Therefore, the board believes a measure of discipline more serious than private reprimand, but not involving suspension to be appropriate. The board recommends that public censure lie against respondent. The Disciplinary Board further recommends that the cost be paid by respondent.

## ORDER

NIX, *C.J.*, And now, this February 28, 1985, the recommendation of the Disciplinary Board dated February 1, 1985, is accepted, and it is

Ordered that [respondent] be subjected to public censure by the Supreme Court at the session of court commencing May 14, 1985, in Harrisburg. It is further ordered that respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(G), Pa.R.D.E.

Mr. Justice McDermott did not participate in the consideration or decision of this matter.